1  SHANNON L. GUSTAFSON (SBN 228856)
   sgustafson@lynberg.com
2  EDWARD J. SOUTHCOTT (SBN 305701)
   esouthcott@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 W. Town & Country Road, Suite #1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
   Attorneys for Defendants COUNTY OF SAN BERNARDINO and
7  STARSUN FINCEL

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  A.S., a minor, by and through his        CASE NO: 5:25-cv-00085-JGB (SPx)
    Guardian Ad Litem, Kelani Lynch,
12                                            *Assigned for All Purposes to:*
                                              *Honorable Jesus G. Bernal*
13            Plaintiff,
          vs.                                 *Discovery Matter before*
14                                            *Magistrate Judge: Sheri Pym*
    COUNTY OF SAN BERNARDINO, a
15  California public entity; STARSUN         **STIPULATED PROTECTIVE**
    FINCEL, an individual; and DOES 1-        **ORDER**
16  20, inclusive,

17            Defendants.

18

19  **1.    A.    PURPOSES AND LIMITATIONS**

20        Discovery in this action is likely to involve production of confidential,

21  proprietary, or private information for which special protection from public disclosure

22  and from use for any purpose other than prosecuting this litigation may be warranted.

23  Accordingly, the parties hereby stipulate to and petition the Court to enter the

24  following Protective Order. The parties acknowledge that this Order does not confer

25  blanket protections on all disclosures or responses to discovery and that the protection

26  it affords from the public disclosure and use extends only to the limited information

27  or items that are entitled to confidential treatment under the applicable legal

28

                                    1
                  **STIPULATED PROTECTIVE ORDER**

1 | principles. The parties further acknowledge, as set forth in Section 12.3, below, that

2 | this Stipulated Protective Order does not entitle them to file confidential information

3 | under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

4 | the standards that will be applied when a party seeks permission from the court to file

5 | material under seal.

6 | **B.    GOOD CAUSE STATEMENT**

7 | This action will likely involve confidential and sensitive information

8 | regarding primarily a minor child, A.S., who is the subject of this lawsuit against the

9 | Defendants. There are also other minor witnesses who were involved in the incident

10 | giving rise to this lawsuit. Therefore, the nature of protecting the minors'

11 | information and privacy is critical for which special protection from public

12 | disclosure and from use for any purpose other than the litigation of this action is

13 | warranted. Further, this action will also likely involve law enforcement sensitive

14 | information, law enforcement personnel information, medical information, third

15 | party contact information, and other information which special protection from

16 | public disclosure and from use for any other purpose other than for prosecution of

17 | this action is warranted.

18 | The documents related to this matter include but are not limited to the

19 | following: police reports regarding a minor, discovery related to juvenile court

20 | records, sensitive pictures of minor children, medical records of minor children, law

21 | enforcement investigation reports, law enforcement personnel records, and

22 | documents which are otherwise generally unavailable to the public, or which may be

23 | privileged or otherwise protected from disclosure under state or federal statutes,

24 | court rules, case decisions, or common law. Accordingly, to expedite the flow of

25 | information, to facilitate the prompt resolution of disputes over confidentiality of

26 | discovery materials, to adequately protect information the parties are entitled to keep

27 | confidential, to ensure that the parties are permitted reasonable necessary uses of

28 |

**STIPULATED PROTECTIVE ORDER**

1  such material in preparation for and in the conduct of trial, to address their handling

2  at the end of the litigation, and serve the ends of justice, a protective order for such

3  information is justified in this matter. It is the intent of the parties that information

4  will not be designated as confidential for tactical reasons and that nothing be so

5  designated without a good faith belief that it has been maintained in a confidential,

6  non-public manner, and there is good cause why it should not be part of the public

7  record of this case.

8  **2.     DEFINITIONS**

9      2.1 <u>Action</u>: Refers to this pending federal lawsuit Case No. 5:25-cv-00085-

10  JGB-SPx.

11      2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

12  of information or items under this Order.

13      2.3 "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how

14  it is generated, stored or maintained) or tangible things that qualify for protection

15  under Federal Rule of Civil Procedure 26(c), and as specified above in the

16  Good  Cause Statement.

17      2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their

18  support staff).

19      2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or

20

21  items  that  it  produces  in  disclosures  or  in  responses  to  discovery  as

22  "CONFIDENTIAL".

23      2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless

24  of the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced

26  or  generated  in disclosures or responses to discovery in this matter.

27      2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter

28  pertinent to the Action who has been retained by a Party or its counsel to serve as an

1    expert witness or as a consultant in this Action.

2        2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action.

3    House Counsel does not include Outside Counsel of Record or any other outside

4    counsel.

5        2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or

6    other legal entity not named as a Party to this action.

7        2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party

8    to this Action but are retained to represent or advise a party to this Action and have

9    appeared in this Action on behalf of that party or are affiliated with a law firm which

10   has appeared on behalf of that party, and includes support staff.

11       2.11 <u>Party</u>: any party to this Action, including all of its officers, directors,

12   employees, consultants, retained experts, and Outside Counsel of Record (and their

13   support staffs).

14       2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

15   Discovery Material in this Action.

16       2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

17   services (e.g., photocopying, videotaping, translating, preparing exhibits or

18   demonstratives, and organizing, storing, or retrieving data in any form or medium)

19   and their employees and subcontractors.

20       2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

21   designated as "CONFIDENTIAL."

22       2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

23   from a Producing Party.

24   **3.      SCOPE**

25       The protections conferred by this Stipulation and Order cover not only

26   Protected Material (as defined above), but also (1) any information copied or

27   extracted from Protected Material; (2) all copies, excerpts, summaries, or

28

1 compilations of Protected Material; and (3) any testimony, conversations, or

2 presentations by Parties or their Counsel that might reveal Protected Material.

3        Any use of Protected Material at trial shall be governed by the orders of the

4 trial judge. This Order does not govern the use of Protected Material at trial.

5 **4.    DURATION**

6        Even after final disposition of this litigation, the confidentiality obligations

7 imposed by this Order shall remain in effect until a Designating Party agrees

8 otherwise in writing or a court order otherwise directs. Final disposition shall be

9 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

10 or without prejudice; and (2) final judgment herein after the completion and

11 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

12 including the time limits for filing any motions or applications for extension of

13 time pursuant to applicable law.

14 **5.    DESIGNATING PROTECTED MATERIAL**

15        5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

16        Each Party or Non-Party that designates information or items for protection

17 under this Order must take care to limit any such designation to specific material

18 that qualifies under the appropriate standards. The Designating Party must designate

19 for protection only those parts of material, documents, items, or oral or written

20 communications that qualify so that other portions of the material, documents,

21 items, or communications for which protection is not warranted are not swept

22 unjustifiably within the ambit of this Order.

23        Mass, indiscriminate, or routinized designations are prohibited. Designations

24 that are shown to be clearly unjustified or that have been made for an improper

25 purpose (e.g., to unnecessarily encumber the case development process or to

26 impose  unnecessary expenses and burdens on other parties) may expose the

27 Designating Party to sanctions.

28

1    If it comes to a Designating Party's attention that information or items

2    that it designated for protection do not qualify for protection, that Designating

3    Party  must promptly notify all other Parties that it is withdrawing the inapplicable

4    designation.

5    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

6    Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

7    or ordered, Disclosure or Discovery Material that qualifies for protection under this

8    Order must be clearly so designated before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a)  for information in documentary form (e.g., paper or electronic documents,

11    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

12    Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

13    "CONFIDENTIAL legend"), to each page that contains protected material. If only a

14    portion or portions of the material on a page qualifies for protection, the Producing

15    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

16    markings in the margins).

17    A Party or Non-Party that makes original documents available for inspection

18    need not designate them for protection until after the inspecting Party has indicated

19    which documents it would like copied and produced. During the inspection and before

20    the designation, all of the material made available for inspection shall be deemed

21    "CONFIDENTIAL." After the inspecting Party has identified the documents, it wants

22    copied and produced, the Producing Party must determine which documents, or

23    portions thereof, qualify for protection under this Order. Then, before producing the

24    specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

25    to each page that contains Protected Material. If only a portion or portions of the

26    material on a page qualifies for protection, the Producing Party also must clearly

27    identify the protected portions) (e.g., by making appropriate markings in the margins).

28

**6**
**STIPULATED PROTECTIVE ORDER**

1   (b)  for testimony given in depositions that the Designating Party identify the

2   Disclosure or Discovery Material on the record, before the close of the deposition all

3   protected testimony.

4   (c)  for information produced in some form other than documentary and for any

5   other tangible items, that the Producing Party affix in a prominent place on the exterior

6   of the container or containers in which the information is stored the legend

7   "CONFIDENTIAL." If only a portion or portions of the information warrants

8   protection, the Producing Party, to the extent practicable, shall identify the protected

9   portions).

10   5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

11   to designate qualified information or items does not, standing alone, waive the

12   Designating Party's right to secure protection under this Order for such material.

13   Upon  timely correction of a designation, the Receiving Party must make reasonable

14   efforts to assure that the material is treated in accordance with the provisions of this

15   Order.

16   **6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17   6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation

18   of confidentiality at any time that is consistent with the Court's Scheduling Order.

19   6.2 <u>Meet and Confer.</u> The Challenging party shall initiate the dispute resolution

20   process under Local Rule 37.1 et. seq.

21   6.3 The burden of persuasion in any such challenge proceeding shall be on the

22   Designating Party. Frivolous challenges, and those made for an improper purpose

23   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

24   expose the Challenging Party to sanctions. Unless the Designating Party has waived

25   or withdrawn the confidentiality designation, all parties shall continue to afford the

26   material in question the level of protection to which it is entitled under the Producing

27   Party's designation until the Court rules on the challenge.

28

7

**STIPULATED PROTECTIVE ORDER**

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who

1  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (g) the author or recipient of a document containing the information or a

3  custodian or other person who otherwise possessed or knew the information;

4       (h) during their depositions, witnesses, and attorneys for witnesses, in the

5  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

6  requests that the witness sign the form attached as Exhibit A hereto; and (2) they

7  will not be permitted to keep any confidential information unless they sign

8  the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

9  agreed by the Designating Party or ordered by the court. Pages of transcribed

10 deposition testimony or exhibits to depositions that reveal Protected Material may

11 be separately bound by the court reporter and may not be disclosed to anyone except

12 as permitted under this Stipulated Protective Order; and

13      (i) any mediator or settlement officer, and their supporting personnel,

14 mutually agreed upon by any of the parties engaged in settlement discussions.

15 **8.    <u>PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED</u>**

16 **<u>PRODUCED IN OTHER LITIGATION</u>**

17      If a Party is served with a subpoena or a court order issued in other litigation

18 that compels disclosure of any information or items designated in this Action as

19 "CONFIDENTIAL," that Party must:

20      (a) promptly notify in writing the Designating Party. Such notification shall

21 include a copy of the subpoena or court order;

22      (b) promptly notify in writing the party who caused the subpoena or order to

23 issue in the other litigation that some or all of the material covered by the subpoena

24 or order is subject to this Protective Order. Such notification shall include a copy

25 of this Stipulated Protective Order; and

26      (c) cooperate with respect to all reasonable procedures sought to be pursued

27 by the Designating Party whose Protected Material may be affected.

28

1    If the Designating Party timely seeks a protective order, the Party served

2  with the subpoena or court order shall not produce any information designated in

3  this action as "CONFIDENTIAL" before a determination by the court from which

4  the subpoena or order issued, unless the Party has obtained the Designating Party's

5  permission. The Designating Party shall bear the burden and expense of seeking

6  protection in that court of its confidential material and nothing in these provisions

7  should be construed as authorizing or encouraging a Receiving Party in this Action

8  to disobey a lawful directive from another court.

9  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

10     **PRODUCED IN THIS LITIGATION**

11    (a) The terms of this Order are applicable to information produced by a Non-

12  Party in this Action and designated as "CONFIDENTIAL." Such information

13  produced by Non-Parties in connection with this litigation is protected by the

14  remedies and relief provided by this Order. Nothing in these provisions should be

15  construed as prohibiting a Non-Party from seeking additional protections.

16    (b) In the event that a Party is required, by a valid discovery request, to produce

17  a Non-Party's confidential information in its possession, and the Party is subject to an

18  agreement with the Non-Party not to produce the Non-Party's confidential

19  information, then the Party shall:

20    (1) promptly notify in writing the Requesting Party and the Non-Party

21  that some or all of the information requested is subject to a confidentiality agreement

22  With a Non- Party;

23    (2) promptly provide the Non-Party with a copy of the Stipulated

24  Protective Order in this Action, the relevant discovery request(s), and a

25  reasonably  specific description of the information requested; and

26    (3) make the information requested available for inspection by the Non-

27  Party, if requested.

28

**STIPULATED PROTECTIVE ORDER**

(c) If the Non-Party fails to seek a Protective Order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non- Party timely seeks a protective order, the Receiving Party shall not produce  any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under  this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

1  parties may incorporate their agreement in the stipulated protective order submitted

2  to the court.

3  **12.    MISCELLANEOUS**

4        12.1    Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6        12.2    Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in this

9  Stipulated Protective Order. Similarly, no Party waives any right to object on any

10  ground to use in evidence of any of the material covered by this Protective Order.

11        12.3    Filing Protected Material. A Party that seeks to file under seal any

12  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

13  only be filed under seal pursuant to a court order authorizing the sealing of the specific

14  Protected Material at issue. If a Party's request to file Protected Material under seal is

15  denied by the court, then the Receiving Party may file the information in the public

16  record unless otherwise instructed by the court.

17  **13.    FINAL DISPOSITION**

18        After the final disposition of this Action, as defined in paragraph 4, within 60

19  days of a written request by the Designating Party, each Receiving Party must return

20  all Protected Material to the Producing Party or destroy such material. As used in this

21  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

22  summaries, and any other format reproducing or capturing any of the Protected

23  Material. Whether the Protected Material is returned or destroyed, the Receiving Party

24  must submit a written certification to the Producing Party (and, if not the same person

25  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

26  category, where appropriate) all the Protected Material that was returned or destroyed

27  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

28

1  compilations, summaries or any other format reproducing or capturing any of the

2  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

3  archival copy of all pleadings, motion papers, trial, deposition, and hearing

4  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

5  reports, attorney work product, and consultant and expert work product, even if such

6  materials contain Protected Material. Any such archival copies that contain or

7  constitute Protected Material remain subject to this Protective Order as set forth in

8  Section 4 (DURATION).

9      14. Any violation of this Order may be punished by any and all appropriate

10  measures including, without limitation, contempt proceedings and/or monetary

11  sanctions.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**STIPULATED PROTECTIVE ORDER**

1    IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

2

3    DATED:  May 28, 2025          **LYNBERG & WATKINS**
                                   A Professional Corporation
4

5                                  By:  */s/ Edward J. Southcott*
                                        **SHANNON L. GUSTAFSON**
6                                       **EDWARD J. SOUTHCOTT**
                                        Attorneys for Defendants
7                                       COUNTY OF SAN BERNARDINO and
                                        STARSUN FINCEL
8

9    DATED:  May 28, 2025          **POINTER & BUELNA, LLP**

10

11                                 By:  */s/ Michael Slater*
                                        **ADANTE POINTER**
12                                      **PATRICK BUELNA**
                                        **MICHAEL SLATER**
13                                      Attorneys for Plaintiff, A.S., a minor by
                                        and through his Guardian Ad Litem,
14                                      Kelani Lynch

15

16

17

18   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

19

20   DATED: June 2, 2025      By:  _____

21                                 **HONORABLE SHERI PYM**
                                   United States Magistrate Judge
22

23

24

25

26

27

28

---
**14**
**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNWLEDGEMENT AND AGREEMENT OT BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *A.S. a minor, by and through his Guardian Ad Litem, Kelani Lynch v. County of San Bernardino, et al.*, Case No: 5:25-cv-00085-JGB (Spx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name:

Signature:

**STIPULATED PROTECTIVE ORDER**

1      I certify that all parties to this document have consented to its filing and to the

2 language contained herein and have authorized the undersigned to affix their

3 electronic signatures.

4    DATED:  May 28, 2025             **LYNBERG & WATKINS**
                                        A Professional Corporation

5

6

7                         By:   */s/ Edward J. Southcott*
                                **SHANNON L. GUSTAFSON**

8                                **EDWARD J. SOUTHCOTT**
                               Attorneys for Defendants
                               COUNTY OF SAN BERNARDINO and

9                                STARSUN FINCEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**